# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ERIC LOUIE ALLEN, JR. ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:09CV616 |
| ) | 1:07CR34-2 |
| Respondent. ) | |

Petitioner Eric Louie Allen, Jr., a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 38).[1] Petitioner was indicted for, and later pled guilty to, being part of a conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (docket nos. 1, 16, 17). Petitioner was sentenced to 85 months of imprisonment (docket no. 26). He received this sentence despite the fact that the advisory range under the United States Sentencing Guidelines (USSG) was 97 to 121 months (docket no. 35 at 21). Petitioner did file a direct appeal, but this was denied (docket nos. 36, 37.) He then submitted his current motion under § 2255. Respondent has filed a response (docket no. 42), Petitioner has filed a reply (docket no. 44), and the motion is now before the court for a decision.

---

[1]This and all further cites to the record are to the criminal case.

## PETITIONER'S CLAIMS

Petitioner raises two claims for relief in his motion. First, he argues that his attorney provided ineffective assistance of counsel because he failed to investigate whether the cocaine involved in the offense was "L-cocaine" or "D-cocaine." He argues that the isomer "D-cocaine" is not a Schedule II drug under current drug laws and that counsel could have raised this point in the case if tests had revealed that the cocaine involved was "D-cocaine." Second, Petitioner claims that counsel did not properly investigate the facts or law related to his criminal history, as calculated in the Presentence Report (PSR).

## DISCUSSION

Both of Petitioner's claims involve allegations of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a

guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

Petitioner's first claim for relief easily fails. The Fourth Circuit Court of Appeals long ago rejected the "cocaine isomer" theory that Petitioner claims counsel should have pursued. *See United States v. Scott*, 725 F.2d 43, 45 (4th Cir. 1984). For that reason, counsel would not have had any reason to pursue this discredited argument. Nor would he have succeeded if he had raised it. Petitioner's first claim for relief should be denied because it fails both prongs of the *Strickland* analysis.

Petitioner's second claim is more complicated because Petitioner raises multiple issues regrading his criminal history, some of which are made clear only in his reply brief. One of his arguments relates to his former counsel's alleged failure to investigate changes in sentencing law which occurred near the time Petitioner was sentenced. Petitioner was sentenced on September 20, 2007. On November 1, 2007, the USSG were amended in several ways, one of which was changes in criminal history calculations as set out in Amendment 709 to the USSG. Petitioner contends that one of the misdemeanors listed in his criminal history would not have counted if his sentencing had been held after Amendment 709 became final. He faults his attorney for failing to seek a continuance of his sentencing so that he could take advantage of the then-pending amendment.

Although Petitioner's attorney could have perhaps made a motion to continue sentencing in hopes that the pending Guidelines amendments would reduce Petitioner's sentence, Petitioner cannot demonstrate that he was prejudiced because no such motion was made. The decision of whether to grant a motion to continue a sentencing is within the discretion of the sentencing judge. However, motions to continue sentencings based on pending Guidelines amendments pose particular problems. Amendments to the Guidelines are proposed months in advance and may or may not eventually be allowed by Congress to become effective. If the rationale suggested by Petitioner were correct, numerous sentencings which could be affected by pending amendments would have to be stayed for months due to proposed amendments even though the amendments might never go into effect. *United States v. McPhearson*, 303 Fed. Appx. 310, 315-16 (6th Cir. 2008) (quoting trial judge who denied a motion for a continuance while declining to predict the actions of Congress and noting that a policy of continuances based upon proposed amendments would significantly disrupt the sentencing system).[2] This presents ample rationale for rejecting motions to continue based on pending Guidelines amendments. It also means that it would appear unlikely that the motion to continue

---

[2] Normally, defendants are to be sentenced using the Guidelines in effect at the time of their sentencing. There is a mechanism in place to allow relief where the United States Sentencing Commission believes that an amendment should be applied retroactively. *See* 18 U.S.C. § 3582(c)(2); USSG § 1B1.10. The Commission did not choose to apply Amendment 709 retroactively. Either allowing the continuance Petitioner believes his attorney should have made or granting his current motion under § 2255 would essentially circumvent this established system and arguably thwart the intent of the Commission.

that Petitioner claims his attorney should have filed would have been granted. He cannot show that his attorney provided him with ineffective assistance of counsel by not filing the motion. His claim is too speculative to proceed.

Petitioner's other arguments concerning counsel's handling of his criminal history also fail. He claims first that counsel did not properly investigate and contest the fact that he was on unsupervised probation at the time he committed his present offense. According to Petitioner, that probation was supposed to have ended when he paid a fine and restitution. Petitioner has provided no support for his allegation that he was not on probation at the time of the instant offense. The PSR clearly indicates that he was. It also shows that Petitioner's probation was originally supervised probation, which was later reduced to unsupervised probation after restitution was paid (PSR ¶ 33). It appears that Petitioner may be confusing the reduction in supervision levels with the end of his probation. In any event, he has produced nothing more than his own belief to show that it ended entirely. His claim fails for being conclusory. *Nickerson, supra*.

In his reply brief, Petitioner adds an argument that the state court probationary sentence was imposed without the benefit of counsel and that he did not knowingly sign a waiver of counsel. This is irrelevant. Counsel is not constitutionally required for misdemeanor convictions where no imprisonment is imposed. Such uncounseled convictions are also properly counted in calculating a defendant's criminal history. *United States v. Falesbork*, 5 F.3d 715, 717-19 (4th Cir. 1993). Therefore, even if

true, Petitioner's allegation would not have provided any grounds for counsel to challenge the fact that he was on probation at the time of the instant offense. Overall, Petitioner has not shown that his former attorney had any meritorious grounds for challenging his criminal history. All of his ineffective assistance of counsel claims should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 38) be **DENIED** and that Judgment be entered dismissing this action.

*/s/ Wallace W. Dixon*
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
February 24, 2010